United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANCISCO BELMAREZ III, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:25-CV-152 |
| VS. | § § § | |
| WAL-MART STORES TEXAS, LLC, *et al.*, | § § § | |
| Defendants. | § § § | |

## REPORT AND RECOMMENDATION

Plaintiff Francisco Belmarez III initiated this civil action alleging premises liability and negligence claims against Defendants. (Docket No. 1-2.) More specifically, he alleges that Defendants were negligent and liable after Plaintiff tripped on a floor mat due to improper maintenance and suffered severe personal injuries. (*Id.* at 2-3.) Although initially filed in state court, on April 4, 2025, Defendants removed this case based on "complete diversity" of the parties. (Docket No. 1, at 3.) However, Plaintiff has failed to respond to the Court, nor has he taken any affirmative steps to prosecute this action.

As such, the undersigned now recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action in December of 2024, alleging that he tripped and fell on a floor mat due to improper maintenance at a Wal-Mart store in Edinburg, Texas on July 3, 2024. (Docket No. 1, at 1-2.) As damages, he seeks reasonable medical care and expenses, pain and suffering, physical impairment, loss of earnings, mental anguish, and disfigurement damages. (*Id.* at 3.) At the time of the original filing and removal, Plaintiff was represented by Attorney Martin L. Perez. However, on June 26, 2025, Attorney Perez filed a Motion to Withdraw as Attorney and said

motion was granted on the same day. (Docket No. 9 and Docket minute entry dated 6/26/2025.) At that time, Attorney Perez was directed by the Court to provide contact information to the Court and opposing counsel. (Docket minute entry dated 6/26/2025.) The Court's filing system (ECF) does have a P.O. Box listed for the Plaintiff and, at a hearing held on October 29, 2025, opposing counsel stated said information was provided.

On July 10, 2025, a Notice of Resetting was entered, resetting the Initial Conference for August 28, 2025, by Zoom before U.S. District Judge Drew B. Tipton. (Docket No. 10.) On the same date, the U.S. District Clerks sent the Notice of Resetting Form to Plaintiff. (*See* Docket entry dated 7/10/2025.) On July 22, 2025, the mail was returned as undeliverable (Docket No. 11.)[1] On August 22, 2025, the hearing was reset for August 27, 2025. (Docket No. 12.) Plaintiff did not appear for the hearing on August 27, 2025. (*See* Docket minute entry dated 8/27/2025.)

Given the circumstances, U.S. District Judge Drew B. Tipton referred the matter for a show cause hearing to provide the Plaintiff an opportunity to appear in person. (*Id.*) On October 21, 2025, the undersigned issued an Order Setting Show Cause Hearing to allow the Plaintiff to appear. Per the order, a copy was sent to the Plaintiff.[2] The hearing was held on October 29, 2025, and the Plaintiff again failed to appear.[3] The Court allowed time to determine if the Plaintiff would respond or if the previous order would be returned undeliverable. There is no indication that the

---

[1] The docket entry dated 7/10/2025 shows that the Notice of Resetting was sent to the P.O. Box that is listed. Docket entry No. 11 shows that the mail that was returned as undeliverable was sent to a street address. (*Id.*) The Clerk that sent the Notice of Resetting confirmed that she sent it to the P.O. Box after another notice was sent to the street address.

[2] The District Clerk's Office has confirmed that per their log entry the order was sent to the P.O. Box as stated.

[3] At that hearing, Defense attorneys were present and indicated that after speaking with the prior attorney, it was their belief that the Plaintiff did not have new counsel and no longer wished to pursue the civil action.

mail was returned as undeliverable. In addition, Plaintiff has had no communication with the Court since his attorney was allowed to withdraw.

## II. ANALYSIS

This action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action. The Plaintiff has failed to appear at two hearings. In sum, because Plaintiff has failed to appear at hearings and otherwise failed to communicate with the Court, this case should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.). No less drastic sanction is available here, given that the Court cannot communicate with Plaintiff.[4] *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

## III. CONCLUSION

---

[4] Should Plaintiff respond to this Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

For the foregoing reasons, the undersigned respectfully recommends that this civil action be DISMISSED for failure to prosecute.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 17th of November, 2025 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge